[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2006
THOMAS K. KAHN
CLERK

No. 05-12907
Non-Argument Calendar
_____

D. C. Docket No. 04-00563-CR-T-23MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS BARRIOS DELAROSA,
a.k.a. Elias Barrios,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 14, 2006)**

Before CARNES, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Elias Barrios DeLaRosa appeals his 135-month sentence for possession with

intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), & (j), and 21 U.S.C. § 960(b)(1)(B)(ii).   DeLaRosa argues that he should have received a minor-role reduction pursuant to U.S.S.G. § 3B1.2.

We have held that a district court's determination of a defendant's role in an offense is a finding of fact, to be reviewed for clear error.  United States v. De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc).  The guidelines allow a court to decrease a defendant's offense level by two points if the court finds the defendant was a minor participant.  U.S.S.G. § 3B1.2(b).  A defendant who "is less culpable than most other participants, but whose role could not be described as minimal" is a minor participant.  U.S.S.G. § 3B1.2, comment. (n.5).  Under the requisite standards articulated in De Varon, we cannot say that the district court clearly erred in denying the downward departure here.

**AFFIRMED**